**IN THE UNITED STATES DISTRICT COURT**
**FOR TH WESTERNDISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **BROOKE ANNE CARTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 7:26cv361** |
| | ) | |
| **COMMONWEALTH OF VIRGINIA DEPARTMENT OF ENVIRONMENTAL QUALITY,** | ) | |
| | ) | |
| **Defendant.** | | |

## ANSWER

Defendant, Commonwealth of Virginia Department of Environmental Quality ("Defendant"), by counsel, pursuant to Rule 8(b) and Rule 12(a) of the Federal Rules of Civil Procedure, files this Answer to plaintiff's Complaint.

Defendant denies each and every allegation in the Complaint except as hereinafter may be expressly admitted.

In response to each numbered paragraph in the Complaint, Defendant admits, denies, or otherwise responds as follows:

1. The allegations in paragraph 1 are mere conclusions of law to which no response is required. Defendant denies any factual allegations in paragraph 1.

2. The allegations in paragraph 2 are mere conclusions of law to which no response is required. Defendant denies any factual allegations in paragraph 2.

3. Defendant lacks sufficient information to either admit or deny the allegations in paragraph 3.

4. Defendant lacks sufficient information to either admit or deny the allegations in paragraph 4.

5. Defendant admits only that plaintiff was at one time employed by Defendant. Defendant denies any remaining allegations in paragraph 5.

6. Defendant admits only that its operations can encompass working with or alongside other local, state, and federal agencies and programs. Defendant denies any remaining allegations in paragraph 6.

7. Defendant admits the allegations in paragraph 7.

8. Regarding the allegations in paragraph 8, Defendant admits that Ms. Carter was hired by Defendant in Salem, Virginia on or about January 10, 2022, and admits that Ms. Carter presently identifies as a transgender woman. Defendant denies any remaining factual allegations.

9. Defendant admits only that plaintiff was an Air Permit Writer/Environmental Specialist 2 and earned a salary and benefits at the time of her termination. Defendant denies any remaining factual allegations.

10. Regarding the allegations in paragraph 10, Defendant admits only that plaintiff received performance evaluation rankings of contributor or above during her employment. Defendant denies the remaining factual allegations.

11. Regarding the allegations in paragraph 11, Defendant admits only that on or about February 1, 2023, plaintiff informed Paul Jenkins, her direct supervisor, that she was transgender and in the process of transitioning. Defendant denies that any request for accommodation was made at this time. Defendant lacks sufficient information to either admit or deny the remaining allegations.

12. Regarding the allegations in paragraph 12, Defendant admits only that plaintiff requested and was approved to telework full-time until a determination of plaintiff's Americans with Disabilities Act accommodation request or until October 14, 2023, whichever occurred sooner. Defendant denies any remaining factual allegations.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Regarding the allegations in paragraph 15, Defendant admits only that a meeting occurred with plaintiff, Robert Weld, Paul Jenkins, and Renee Sacra on or about June 5, 2023. Defendant denies the remaining allegations.

16. Defendant denies the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Regarding the allegations in paragraph 22, Defendant admits only that a meeting occurred on September 12, 2023 with plaintiff, Paul Jenkins, Robert Weld, and Renee Sacra. Defendant denies the remaining allegations.

23. Defendant denies the allegations in paragraph 23.

24. Regarding the allegations in paragraph 24, Defendant admits only that Paul Jenkins gave plaintiff a due process memo on February 9, 2024. Defendant denies the remaining allegations.

25. Regarding the allegations in paragraph 25, Defendant admits only that Carter occasionally requested leave for purported medical reasons in the latter half of 2023 and all properly submitted requests for leave were approved. Defendant denies any remaining allegations.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. For its response to the allegations in paragraph 29 of the Complaint, Defendant incorporates by reference its responses to paragraphs 1–28 as if fully set forth herein.

30. Regarding the allegations in paragraph 30, Defendant admits only that plaintiff is protected from sex discrimination in the workplace pursuant to Title VII. Defendant lacks sufficient information to either admit or deny the remaining allegations.

31. Defendant admits the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph37.

38. Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. For its response to the allegations in paragraph 41 of the Complaint, Defendant incorporates by reference its responses to paragraphs 1–40 as if fully set forth herein.

42. Defendant denies the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Regarding the allegations in paragraph 47, Defendant admits only that it must comply with the provisions of Title VII. Defendant denies the remaining allegations.

48. Defendant denies the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies that plaintiff is entitled to the relief requested in the Complaint or to any relief whatsoever.

53. Defendant DEMANDS TRIAL BY JURY.

## **Affirmative Defenses**

54. Defendant did not discriminate against plaintiff.

55. Defendant did not retaliate against plaintiff.

56. Defendant had a legitimate, nondiscriminatory reason for terminating plaintiff's employment.

57. Plaintiff fails to state sufficient facts to support her claim that she suffered discrimination, a hostile work environment, or retaliation.

58. Plaintiff's conditions of employment were the same as other similarly situated employees of Defendant.

59. Defendant provided plaintiff reasonable accommodations during her employment.

60. Defendant's reason(s) for terminating plaintiff were not pretext.

61. Defendant held plaintiff to the same standards as other similarly situated employees.

62. Defendant afforded plaintiff reasonable accommodations.

63. Plaintiff fails to state sufficient facts to support her claim for punitive damages.

64. Plaintiff failed to mitigate her damages.

65. Defendant reserves the right to amend this Answer to assert any other affirmative defenses supported by the evidence and information learned in discovery.

Respectfully submitted,

COMMONWEALTH OF VIRGINIA DEPARTMENT OF ENVIRONMENTAL QUALITY

/s/

Nathan H. Schnetzler (VSB No. 86437)
Austin L. Obenshain (VSB No. 99494)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: (540) 772-4600
Fax: (540) 772-9167
Email: nschnetzler@faplawfirm.com
aobenshain@faplawfirm.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to counsel of record.

/s/

Austin L. Obenshain